JENNIE V. REMINGTON *vs.* RHODE ISLAND COMPANY.

MARCH 1, 1915.

PRESENT:   Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Evidence.   Confidential Communications.*

Confidential communications made to a physician are not privileged so as to protect the physician from divulging them as a witness.

The contents of a report made to defendant by a physician who made a physical examination of the plaintiff after an alleged accident are not privileged, and the physician may be interrogated by plaintiff as to statements made by him in such report.

*(2)   Evidence.   Examination of Memoranda by Witness.*

Where a physician had made a physical examination of plaintiff on behalf of defendant after an alleged accident and reported in writing to defendant the result, and had in direct examination denied that he had used certain language in the report, the court was acting within proper discretion as to the conduct of the cross-examination in requiring the witness to read the entire report to the jury.

*(3)   Common Carriers.   Negligence.*

In a personal injury case, evidence considered and new trial granted.

TRESPASS ON THE CASE for negligence.   Heard on exceptions of defendant and exception to decision on motion for new trial sustained.

SWEETLAND, J.   The above entitled action is one of trespass on the case for negligence brought to recover damages for personal injuries which the plaintiff claims she received as a result of the negligence of the defendant's servants, while she was a passenger on one of the defendant's cars.

The case was tried before a justice of the Superior Court sitting with a jury and resulted in a verdict for the plaintiff for $4,016.66, with a special finding favorable to the contention of the plaintiff.   The defendant duly filed a motion for a new trial.   Said justice refused to disturb the verdict as to liability, but did order a new trial of the whole case unless the plaintiff would remit all of said verdict in excess

of $2,000. The plaintiff duly filed her remittitur. The case is before us upon the defendant's exceptions to certain rulings made by said justice in the course of the trial and to the decision of said justice upon the motion for a new trial.

(1)    The only exceptions to rulings of said justice, made at the trial, upon which the defendant now relies, are to three rulings permitting certain questions to be asked in cross-examination of one of the defendant's medical witnesses. Said witness made a physical examination of the plaintiff about thirty-three days after the alleged accident, and in writing reported the result of said examination to the defendant. The three questions objected to relate to the contents of said report. One of the grounds of the defendant's exceptions is that the report was a privileged communication. This court, in *Banigan* v. *Banigan*, 26 R. I. 454, has recognized the common law rule to be in force in this state: that confidential communications made to a physician are not privileged so as to protect the physician from divulging them as a witness in court. Neither are the contents of such a report as we are now considering matters which can not be inquired into, at the trial of a cause, on the ground of their privileged character. There is no error in the admission of the first two of said questions objected to (113 C. Q. and 115 C. Q.). These two questions seek to obtain an admission of statements made by the witness as to the plaintiff's condition at the time of said examination which are inconsistent with his testimony given at the trial.

(2)    The third of said exceptions was taken to the court's direction to the witness that he should read to the jury the whole of said report, which the witness had in his possession on the stand. The witness had denied that he used certain language in said report; the witness had produced said report and the plaintiff's attorney in cross-examination had asked the court that he be permitted to point out to the witness the language in question appearing

in the report.  The court then made the ruling excepted
to:  that the witness read the entire report.  In *Tilling-
hast* v. *Johnson*, 34 R. I. 136, at 144, this court has approved
the rule that a trial court may require a witness to examine
memoranda or papers in his possession in order that he
may qualify himself to testify.  See, also, *Stevens* v. *Wor-
cester*, 196 Mass. 45.  Upon an examination of said report
the witness would have been obliged to admit the presence
therein of the language in question which fact may have
passed from his memory.  In fairness to the witness and
to the defendant, in view of other statements therein, the
court directed the witness to read to the jury the whole
report.  We are of the opinion that in making said ruling
the justice was acting within a proper discretion as to the
conduct of said cross-examination.

(3)    The defendant's exception to the decision of said justice
upon the motion for new trial remains to be considered.
The plaintiff testified that on June 6th, 1912, between two
and three o'clock in the afternoon she was a passenger,
coming from the business section of the city of Providence,
in one of the defendant's open cars running on its Taunton
Avenue line;  that near the Broadway Six Corners, in East
Providence, said car stopped, upon her request;  that while
she was in the act of alighting said car was suddenly started
forward through the negligence of the defendant's servants,
and she was thrown violently to the ground and injured.
As to these facts the plaintiff is entirely uncorroborated.
The defendant denied that any such accident occurred.
It introduced testimony to the effect that each of its con-
ductors and motormen is strictly required to report at
once to the claim department all accidents taking place on
or about the car on which he is employed;  that no such
accident as that described by the plaintiff was reported;
that on the day in question no open cars were operated by
the defendant on said line between two and three o'clock
in the afternoon;  and that between said hours three closed
or box cars, so-called, were the only ones run by said de-

fendant on said line at said place. The defendant produced as witnesses the conductors and motormen who had charge of said three closed cars. Each of these witnesses testified that the accident related by the plaintiff did not take place on the car operated by him. The justice presiding at the trial did not set the verdict aside so far as it relates to the question of liability; but throughout his rescript, on the motion for new trial, he clearly indicates that he has little confidence in the frankness and good faith of the plaintiff, who alone testified to the accident. Her testimony as to damages he considers "obviously exaggerated" and he sets the verdict aside in that regard. We have read the entire transcript and are of the opinion that upon the evidence the verdict is unjust to the defendant. We do not think we should be justified in ordering judgment for the defendant; but in view of our own opinion as to the evidence, the distrust which said justice had of the plaintiff's testimony and the slight approval which he has given to the verdict we feel that the case should be submitted to the consideration of another jury.

The defendant's exception to the decision on the motion for a new trial is sustained. All the other exceptions of the defendant are overruled. The case is remitted to the Superior Court for a new trial.

*Joseph C. Cawley, Frederick J. Berth,* for plaintiff.
*Clifford Whipple,* for defendant.